OPINION
{¶ 1} Appellant John Robert Clarke appeals the February 6, 2006, decision of the Stark County Court of Common Pleas, denying his motion to withdraw his guilty plea to one count of theft and seek new counsel.
 {¶ 2} Appellee is State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On December 19, 2005, the Stark County Grand Jury indicted appellant on one count of theft in violation of R.C.2913.02(A)(3), a felony of the fifth degree.
 {¶ 4} Said charges arose from a transaction which took place between Appellant Kathleen Ferry wherein Ms. Ferry paid Appellant $5,203.00 to perform renovations to her home, which he never did.
 {¶ 5} On January 13, 2006, Appellant entered a plea of not guilty at his arraignment.
 {¶ 6} On January 30, 2006, Appellant changed his plea to guilty. At that time the trial court ordered a pre-sentence investigation and set a sentencing hearing for March 6, 2006.
 {¶ 7} On March 6, 2006, at the sentencing hearing, Appellant, through counsel, informed the trial court that he wished to retain new counsel and withdraw his plea of guilty.
 {¶ 8} The trial court denied Appellant's motions and proceeded to sentence Appellant to community control for four (4) years, ordered him to obtain his G.E.D., submit to random drug testing and pay restitution and court costs.
 {¶ 9} It is from this denial that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 10} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA AND REQUEST FOR NEW COUNSEL."
 I. {¶ 11} In his sole assignment of error, appellant argues that the trial court erred in denying his motion to withdraw his guilty plea and retain new counsel. We agree.
 {¶ 12} Crim.R. 32.1 provides:
 {¶ 13} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 14} Generally, a motion to withdraw a guilty plea is to be freely and liberally granted. State v. Xie (1992), 62 Ohio St.3d 521,526. However, the Xie court indicated that a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Id. at paragraph one of the syllabus. Rather, "[a] trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. The court further held that "[t]he decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." Id. at paragraph two of the syllabus. Accordingly, in order to find that the trial court abused its discretion, a reviewing court must find that the court's ruling was "unreasonable, arbitrary or unconscionable." Id. at 527.
 {¶ 15} In reviewing a trial court's decision regarding a motion to withdraw a plea, the court in State v. Fish (1995),104 Ohio App.3d 236, set forth a non-exhaustive list of factors to weigh when considering a motion to withdraw a plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. Id. at 240. Finally, a change of heart or mistaken belief about pleading guilty is not a reasonable basis that requires a trial court to permit the defendant to withdraw his guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102,103.
 {¶ 16} Upon review of the transcript, we find that the trial court conducted a full Crim.R. 11 hearing at the time Appellant entered his plea of guilty. At that time, Appellant indicated on the record, as well as in writing, that he understood his rights, that he further understood that he was waiving those rights, and that he was satisfied with his attorney. (Plea Hrg. T. at 3-7).
 {¶ 17} Appellant argues that the trial court did not give full and fair consideration to his motion to withdraw. We agree.
 {¶ 18} Appellant's oral motion to withdraw a guilty plea was made at his sentencing hearing, wherein the following exchange took place:
 {¶ 19} Court: "Mr. Clark (sic), you have pled guilty to one count of theft and ordered a presentence investigation. It's been returned. I reviewed it and I'm prepared for sentencing.
 {¶ 20} "Anything you want to say on behalf of your client, Mr. Mackey?
 {¶ 21} Mr. Mackey: "Yes, Your Honor. Mr. Clark (sic) will retain other counsel. He wishes to withdraw his former plea of guilty and ask that sentencing be continued until he can confer with new counsel.
 {¶ 22} Court: "Mr. Clark (sic), anything you want to say to me?
 {¶ 23} Defendant: "I just apologize for any inconvenience that this has caused.
 {¶ 24} Court: "It's not any inconvenience to me because I'm denying your motion. Anything else you want to say?
 {¶ 25} Defendant: "No, Your Honor." (Sent. T. at 3-4)
 {¶ 26} In the present case, we find that this limited exchange did not equate to a hearing. Appellant was allowed to make his motion and the trial court denied it prior to asking him if he wished to say or explain the reasons for the motion. UnderLambros, appellant was not given an opportunity to explain. Once the trial court explicitly denied the motion it would have been folly to attempt a further explanation.
 {¶ 27} We therefore conclude that Appellant was not afforded a hearing on his motion and that the trial court erred in not affording him a hearing.
 {¶ 28} Appellant's sole assignment of error is granted in part, the matter is remanded to the trial court for a Rule 32.1 hearing.
 {¶ 29} This cause is reversed in part.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, is reversed in part. Costs assessed to appellee.