OPINION *Page 2 
{¶ 1} On June 15, 1987, appellant, Lance Deavers, pled guilty to burglary and grand theft in Case No. CR87-0048 and receiving stolen property in Case No. CR87-0062. Appellant left Ohio prior to sentencing.
 {¶ 2} Following the issuance of a detainer, appellant was returned to Ohio for sentencing. On December 13, 2006, appellant filed motions to withdraw his guilty pleas in each case. A hearing was held on December 14, 2006. By entries filed December 15, 2006, the trial court denied the motions.
 {¶ 3} A sentencing hearing was held on December 18, 2006. By entries filed January 3, 2007, the trial court sentenced appellant to an aggregate term of three to fifteen years in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE APPELLANT IS BEING DENIED DUE PROCESS AND A MEANINGFUL APPEAL WITHOUT THE COMPLETE TRIAL COURT RECORD. AND AS SUCH HIS PLEAS AND SENTENCE MUST BE VACATED."
 II {¶ 6} "THE TRIAL COURT ERRED WHEN WITHOUT A RECORD, THE TRIAL COURT PLACED THE BURDEN AND BLAME ON THE DEFENDANT FOR THE DELAY AND MISSING RECORD CAUSED BY THIS DELAY AND THEN DENIED HIS MOTION TO REMOVE HIS GUILTY PLEAS." *Page 3 
 III {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED BY OVERRULING MR. DEAVERS' PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA WHEN HE PRODUCED SOME CREDIBLE EVIDENCE THAT HE HAD AN ABSOLUTE DEFENSE TO THE OFFENSES."
 IV {¶ 8} "AS A SUCCESSOR COURT, JUDGE COTTRILL, WITH NO RECORD AVAILABLE FOR REVIEW, AND NO PERSONAL KNOWLEDGE OF THE 1987 PROCEEDINGS, VIOLATED THE DUE PROCESS RIGHTS OF THIS CRIMINAL DEFENDANT BY OVERRULING HIS MOTION TO WITHDRAW HIS GUILTY PLEAS."
 V {¶ 9} "THE DEFENDANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS WERE VIOLATED BY THE FAILURE OF THE STATE OF OHIO TO TIMELY SECURE HIM FOR SENTENCING IN THESE MATTERS AND BY THE FAILURE TO DISMISS ALL ACTION IN 2006 (AS PER HIS MOTIONS) FOR THE STATE'S NEGLIGENCE AND ABANDOMENT OF THE CASES."
 I {¶ 10} Appellant claims he was denied due process and a meaningful appeal because the trial court was unable to produce the complete record of his waiver of rights, plea agreement, and plea. We disagree.
 {¶ 11} On April 22, 1987, the Muskingum County Grand Jury indicted appellant on one count of burglary and one count of grand theft in Case No. CR87-0048. Appellant was served on same date. See, Return of Executed Warrant filed April 23, *Page 4 
1987. Appellant was appointed counsel on April 30, 1987. Appellant signed a personal recognizance bond on May 4, 1987, and a jury trial was set for July 21, 1987.
 {¶ 12} On June 15, 1987, a true bill of information was filed against appellant charging him with receiving stolen property (Case No. CR87-0062). On said date, appellant plead guilty to the information and the counts in the April indictment with a full Crim.R. 11 discussion on his rights. Thereafter, appellant left Ohio. Because appellant violated his personal recognizance bond, bench warrants were issued on August 25, 1987.
 {¶ 13} On October 10, 2006, appellant filed pro se motions from the Desoto Correctional Institution Annex in Arcadia, Florida under the name of Tony Cardello. Appellant sought discovery and dismissal of the pending warrant in the CR87-0048 case, and discovery and imposition of sentence in absentia in the CR87-0062 case. By entries filed November 10, 2006, the trial court found appellant indigent and appointed counsel. Defense counsel filed numerous motions, including motions to withdraw guilty pleas. A hearing on the motions was held on December 14, 2006. A transcript of this hearing was prepared and made a part of this record. The trial court denied the motions to withdraw guilty pleas on the record and entered its findings therein. T. at 90-94. The denials were journalized via entries filed December 15, 2006.
 {¶ 14} Upon review, we find the record is sufficient to afford appellant his due process rights given the exhibits admitted during the motions hearing and the trial court's record.
 {¶ 15} Assignment of Error I is denied. *Page 5 
 II, III, V {¶ 16} These assignments attack the trial court's denials of his motions to withdraw his guilty pleas pursuant to Crim.R. 32.1. Appellant claims there is no record to establish the waiver of his rights and the voluntariness of the pleas, and he was prejudiced by the state's negligent delay in bringing him back for sentencing. We disagree.
 {¶ 17} Crim.R. 32.1 governs withdrawal of guilty plea and states, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. State v. Smith (1977),49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 18} In reviewing a trial court's decision regarding a motion to withdraw a plea, this court in State v. Clarke, Stark App. No. 2006CA00086, 2006-Ohio-4993, ¶ 15, citing State v. Fish (1995),104 Ohio App.3d 236, 240, set forth additional factors to weigh when considering a motion to withdraw a plea. Such factors include: (1) whether the prosecution would be prejudiced if the plea was vacated; (2) whether the accused was represented by highly competent counsel; (3) whether the accused was given a full Crim.R. 11 hearing; (4) whether a full hearing was held on the motion; (5) whether the trial court gave full and fair consideration to the motion; (6) whether the motion was *Page 6 
made within a reasonable time; (7) whether the motion set forth specific reasons for the withdrawal; (8) whether the accused understood the nature of the charges and possible penalties; and (9) whether the accused was perhaps not guilty or had a complete defense to the crime. A change of heart or mistaken belief about pleading guilty is not a reasonable basis requiring a trial court to permit a defendant to withdraw his guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102.
 {¶ 19} Appellant's original defense counsel, Steven Baldwin, testified as to the June 15, 1987 pleas, and identified the written plea agreements, the forms, and the signatures therein (Defendant's Exhibits A and B). December 14, 2006 T. at 21, 41. Appellant also testified at the hearing, and admitted to entering the guilty pleas and then walking "right out of the courtroom." Id. at 50. He denied having any recollection of his rights being explained to him. Id. 51. Appellant testified he pled guilty to get out of jail, as he believed he would get probation and "when I pled guilty that day and walked out of this courtroom, that it was over with, it was resolved." Id. at 50-52. While he did not expect any punishment for pleading guilty to the crimes, appellant acknowledged the plea forms contained the possible penalties. Id. at 68, 76-77. Two or three months later, appellant went to New York and when he called back home, he found out there were warrants out for his arrest. Id. at 54. He did not bother to call his attorney, Mr. Baldwin, to find out what the warrants were about. Id. at 71. Thereafter he went to Florida and when he was arrested in Florida, the Ohio warrants surfaced. Id. at 55.
 {¶ 20} In determining appellant's motions to withdraw his guilty pleas, the trial court considered the factors set forth inClarke, supra. Id. at 91-93. The trial court found appellant had created the lapse of some nineteen years from plea to sentencing, *Page 7 
and he should not "benefit by the situation you created by your own malfeasance." Id. at 93.
 {¶ 21} Upon review, we find the trial court's case files establish appellant was afforded a Crim.R. 11 explanation of his rights and there was a valid wavier of those rights; therefore, the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motions.
 {¶ 22} Assignments of Error II, III and V are denied.
 IV {¶ 23} Appellant claims he was prejudiced because the successor judge was not the sitting judge at the time of his pleas. We disagree.
 {¶ 24} R.C. 2701.03 governs "[affidavit of disqualification of judge of common pleas court for prejudice; procedure; replacement" and states the following:
 {¶ 25} "(A) If a judge of the court of common pleas allegedly is interested in a proceeding pending before the court, allegedly is related to or has a bias or prejudice for or against a party to a proceeding pending before the court or a party's counsel, or allegedly otherwise is disqualified to preside in a proceeding pending before the court, any party to the proceeding or the party's counsel may file an affidavit of disqualification with the clerk of the supreme court in accordance with division (B) of this section.
 {¶ 26} "(B) An affidavit of disqualification filed under section2101.39 or 2501.13 of the Revised Code or division (A) of this section shall be filed with the clerk of the supreme court not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and shall include all of the following: *Page 8 
 {¶ 27} "(1) The specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations or, in relation to an affidavit filed against a judge of a court of appeals, a specific allegation that the judge presided in the lower court in the same proceeding and the facts to support that allegation;
 {¶ 28} "(2) The jurat of a notary public or another person authorized to administer oaths or affirmations;
 {¶ 29} "(3) A certificate indicating that a copy of the affidavit has been served on the probate judge, judge of a court of appeals, or judge of a court of common pleas against whom the affidavit is filed and on all other parties or their counsel;
 {¶ 30} "(4) The date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled."
 {¶ 31} An affidavit to disqualify the trial court was not made therefore, this issue was not preserved for appeal.
 {¶ 32} Assignment of Error IV is denied. *Page 9 
 {¶ 33} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. *Page 1