[Cite as *State v. Deavers*, 2011-Ohio-4384.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2011-0009 |
| LANCE E. DEAVERS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
County Court of Common Pleas, Case Nos.
CR87-0048 & CR87-0062

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 29, 2011

APPEARANCES:

For Plaintiff-Appellee                              For Defendant-Appellant

RON WELCH                                        MARC E DANN
Assistant Prosecutiing Attorney            GRACE DOBERDRUK
27 North Fifth Street                         20521 Chagrin Blvd., Ste. D
Zanesville, OH 43701                      Shaker Heights, OH 44122

*Gwin, P.J.*

{¶1} Defendant-appellant Lance E. Deavers appeals the Muskingum County Court of Common Pleas' February 18, 2011 denial of his Motion Seeking Notice of Plain Error Pursuant to Criminal Rule 52(B). Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On April 22, 1987, the Muskingum County Grand Jury indicted appellant on one count of burglary and one count of grand theft in Case No. CR87-0048. Appellant was served on same date. See, Return of Executed Warrant filed April 23, 1987. Appellant was appointed counsel on April 30, 1987. Appellant signed a personal recognizance bond on May 4, 1987, and a jury trial was set for July 21, 1987. See, *State v. Deavers*, Muskingum App. No. CT2007-0001, 2007-Ohio-5464. [Hereinafter "*Deavers I*"].

{¶3} On June 15, 1987, a true bill of information was filed against appellant charging him with receiving stolen property (Case No. CR87-0062). On said date, appellant pled guilty to the information and the counts in the April indictment with a full Crim.R. 11 discussion on his rights. Thereafter, appellant left Ohio. Because appellant violated his personal recognizance bond, bench warrants were issued on August 25, 1987.

{¶4} On October 10, 2006, appellant filed pro se motions from the Desoto Correctional Institution Annex in Arcadia, Florida under the name of Tony Cardello. Appellant sought discovery and dismissal of the pending warrant in the CR87-0048 case, and discovery and imposition of sentence in absentia in the CR87-0062 case. By entries filed November 10, 2006, the trial court found appellant indigent and appointed

counsel. Defense counsel filed numerous motions, including motions to withdraw guilty pleas. A hearing on the motions was held on December 14, 2006. A transcript of this hearing was prepared and made a part of the record. The trial court denied the motions to withdraw guilty pleas on the record and entered its findings therein. T. at 90-94. The denials were journalized via entries filed December 15, 2006. *Deavers I* at ¶ 13.

{¶5}    Appellant appealed the trial court's denials of his motions to withdraw his guilty pleas pursuant to Crim.R. 32.1 claiming, among other things, there is no record to establish the waiver of his rights and the voluntariness of the pleas, and he was prejudiced by the state's negligent delay in bringing him back for sentencing. We affirmed the trial court decision noting the trial court's case files establish appellant was afforded a Crim. R. 11 explanation of his rights and there was a valid wavier of those rights; therefore, the trial court did not abuse its discretion in denying appellant's Crim. R. 32.1 motions. *Deavers I* at ¶21.

{¶6}    On February 14, 2011 appellant, acting pro se, filed a "Motion Seeking Notice of Plain Error Pursuant to Criminal Rule 52(B)". His motion was denied on February 18, 2011.

{¶7}    It is from the February 18, 2011 Judgment Entry denying his Motion Seeking Notice of Plain Error that appellant has appealed raising the following two assignments of error:

{¶8}    "I. DEFENDANT-APPELLANT IS BEING DENIED DUE PROCESS WITHOUT THE COMPLETE TRIAL COURT RECORD, AND AS SUCH HIS PLEAS AND SENTENCE MUST BE VACATED.

{¶9} "II. THE TRIAL COURT COMMITTED PLAIN ERROR BY DENYING THE DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

{¶10} Appellant has filed his own brief raising as his assignment of error:

{¶11} "I. WHETHER THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT'S MOTION SEEKING NOTICE OF PLAIN ERROR PURSUANT TO CRIMINAL RULE 52(B) WITHOUT A HEARING OR OPPOSITION FROM THE PROSECUTION. DEFENDANT-APPELLANT IS BEING DENIED DUE PROCESS WITHOUT THE COMPLETE TRIAL COURT RECORD, AND AS SUCH HIS PLEAS AND SENTENCE MUST BE VACATED."

I.

{¶12} In his First Assignment of error raised by counsel and in his pro se Assignment of Error appellant claims he was denied due process and a meaningful appeal because the trial court was unable to produce the complete record of his waiver of rights, plea agreement, and plea. We disagree.

{¶13} First we note that the caption of a pro se pleading does not definitively define the nature of the pleading. *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304. In *Reynolds*, the Ohio Supreme Court found, despite its caption, the appellant's pleading met "the definition of a motion for post-conviction relief set forth in R.C. 2953.21(A) (1), because it is a motion that was (1) filed subsequent to Reynolds's direct appeal, (2) claimed a denial of constitutional rights, (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence." Pursuant to *Reynolds*, we find appellant's Motion Seeking Notice of Plain Error Pursuant to Criminal Rule

52(B)" would be considered a petition for post conviction relief as defined in R.C. 2953.21

**{¶14}** We find the issues concerning the production of the trial court's record was raised in appellant's direct appeal in *Deavers I.*

**{¶15}** Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to *res judicata,* a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds* (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by *res judicata,* a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik* (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, *State v. Ferko* (Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; *State v. Phillips,* 9th Dist. No. 20692, 2002–Ohio–823; *State v. Elmore,* 5th Dist. No.2005–CA–32, 2005–Ohio–5940 at ¶ 18.

**{¶16}** Thus, this Court has already addressed this issue in *Deavers I* and found that the record is sufficient to afford appellant his due process rights given the exhibits

admitted during the motions hearing and the trial court's record. The doctrine of res judicata bars any further consideration. See *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233, 1996–Ohio–337; *State v. Perry* (1967), 10 Ohio St .2d 175, 226 N.E.2d 104.

**{¶17}** Appellant's First Assignment of Error is overruled.

II.

**{¶18}** In his Second Assignment of Error appellant argues in essence that this Court's decision in *Deavers I* was mistaken. [See, Appellant's Amended Brief filed June 22, 2011 at 11].

**{¶19}** Essentially, we view appellant's arguments as asking this Court to either reconsider or re-open his previous appeal.

**{¶20}** An application to re-open an appeal must be filed within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time. See, App.R. 26(A).

**{¶21}** App.R. 14(B), "Enlargement or reduction of time," states:

**{¶22}** "For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time.  The court may not enlarge or reduce the time for filing a notice of appeal or a motion to certify pursuant to App.R. 25. Enlargement of time to file an application to reconsider pursuant to App.R. 26(A) shall not be granted except on a showing of extraordinary circumstances."

**{¶23}** Appellant has neither argued nor demonstrated extraordinary circumstances exist to permit him to file an application some four (4) years after our decision was filed in *Deavers I.*

**{¶24}** The Ohio Supreme Court has interpreted App.R. 26 and App. R. 14, stating that both were "intended to allow the belated presentation of colorable claims that defendants/appellants were prevented from presenting timely by particular circumstances. Lack of effort or imagination, and ignorance of the law, are not such circumstances and do not automatically establish good cause for failure to seek timely relief." *State v. Reddick*, 72 Ohio St.3d 88, 647 N.E.2d 784, 1995-Ohio-249.

**{¶25}** The Supreme Court has upheld judgments denying applications for reopening solely on the basis that the application was not timely filed and the applicant failed to show "good cause for filing at a later time." See, e.g., *State v. Keith,* 119 Ohio St.3d 161, 892 N.E.2d 912, 2008-Ohio-3866; *State v. Gumm,* 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar,* 102 Ohio St. 3d 467, 2004-Ohio-3976, 812 N.E.2d 970.

**{¶26}** Moreover, even if we were to review the merits of appellant's claim, we would find no basis in appellant's argument.

**{¶27}** As previously noted, under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 671 N.E.2d 233,

syllabus, approving and following *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to *res judicata,* a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds* (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by *res judicata,* a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik* (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, *State v. Ferko* (Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; *State v. Phillips,* 9th Dist. No. 20692, 2002–Ohio–823; *State v. Elmore,* 5th Dist. No.2005–CA–32, 2005–Ohio–5940 at ¶ 18.

{¶28} Thus, this Court has already addressed this issue in *Deavers I.* In that case, this Court found, "In determining appellant's motions to withdraw his guilty pleas, the trial court considered the factors set forth in [*State v. Clarke,* Stark App. No.2006CA00086, 2006-Ohio-4993] supra. Id. at 91-93. The trial court found appellant had created the lapse of some nineteen years from plea to sentencing, and he should not "benefit by the situation you created by your own malfeasance." Id. at 93.

{¶29} "Upon review, we find the trial court's case files establish appellant was afforded a Crim.R. 11 explanation of his rights and there was a valid wavier of those rights; therefore, the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motions." *Deavers I* at ¶20-21.

{¶30} The Ohio Supreme Court has held that the proper basis for dismissing a petition for post conviction relief without holding an evidentiary is *res judicata. State v.*

*Calhoun* (1999), 86 Ohio St.3d 279, 281, 714 N.E.2d 905 at paragraph two of the syllabus; *State v. Lentz* (1994), 70 Ohio St.3d 527, 530, 639 N.E.2d 784.

**{¶31}** Accordingly, appellant's second assignment of error and appellant's pro se assignment of error are overruled in their entirety.

**{¶32}** The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 0726

[Cite as *State v. Deavers*, 2011-Ohio-4384.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| LANCE E. DEAVERS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT2011-0009 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY