The State of Ohio, Appellee, *v.* Farrow, Appellant.

[Cite as *State v. Farrow,* 115 Ohio St.3d 205, 2007-Ohio-4792.]

(No. 2007-0988—Submitted September 12, 2007—Decided September 20, 2007.)

---

Per Curiam.

{¶ 1} Appellant, Dwain Farrow, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶ 2} Farrow was tried and convicted in Cuyahoga County for the 1975 murder of William Prochazka. The court of appeals affirmed his conviction and sentence in 1978. *State v. Farrow* (Feb. 9, 1978), Cuyahoga App. No. 36833, 1978 WL 217742.

{¶ 3} On March 30, 2007, Farrow filed an application in the court of appeals under App.R. 26(B) to reopen his appeal in that court, alleging that he did not receive the effective assistance of appellate counsel in his direct appeal. The court of appeals denied the application in April 2007, citing Farrow's failure to comply with the 90–day filing deadline in App.R. 26(B). The court of appeals also held that Farrow had not shown good cause for his failure to file his application within that time limit.

{¶ 4} Farrow has now filed a timely appeal to this court.

{¶ 5} We affirm the judgment of the court of appeals. Farrow did not comply with App.R. 26(B)(1), which states that "[a]n application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Farrow waited 29 years before filing his application.

{¶ 6} He argues that he was unaware of his appellate rights and that he did not know that his conviction and sentence were affirmed by the court of appeals in 1978. But Farrow cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline. "Lack of effort or imagination, and ignorance of the law, * * * do not automatically establish good cause for failure to seek timely relief" under App.R. 26(B). *State v. Reddick* (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784. The 90–day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Farrow offers no sound reason why he—unlike so many other Ohio criminal defendants—could not comply with that fundamental aspect of the rule.

{¶ 7} "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. After so many years, the equities weigh strongly in favor of the state of Ohio and its legitimate interest in the finality of the judgment. We see nothing in Farrow's application or in his brief that might reasonably be described as good cause for his 29–year delay in filing the application, and we therefore conclude that the court of appeals properly declined to reach the merits of Farrow's claim of ineffective assistance of counsel.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———————

William D. Mason, Cuyahoga County Prosecuting Attorney, and Diane Smilanick, Assistant Prosecuting Attorney, for appellee.

Paul Mancino Jr., for appellant.