THE STATE OF OHIO, APPELLEE, *v.* KEITH, APPELLANT.

[Cite as *State v. Keith,* 119 Ohio St.3d 161, 2008-Ohio-3866.]

(No. 2007–1854—Submitted July 22, 2008—Decided August 7, 2008.)

---

**Per Curiam.**

{¶ 1} Appellant, Kevin Keith, challenges the denial of his application to reopen his direct appeal pursuant to App.R. 26(B).

{¶ 2} Keith was convicted of, and sentenced to death for, the aggravated murders of Marichell, Linda, and Marchae Chatman. On April 5, 1996, the court of appeals affirmed Keith's convictions and death sentences. *State v. Keith* (Apr. 5, 1996), Crawford App. No. 3–94–14, 1996 WL 156710. We affirmed the judgment of the court of appeals on October 1, 1997. *State v. Keith* (1997), 79 Ohio St.3d 514, 684 N.E.2d 47.

{¶ 3} On his direct appeal to the court of appeals, and subsequently on his appeal to this court, Keith was represented by Harry R. Reinhart, Carol A. Wright, and Stephen Cockley. In his application, Keith states that Reinhart and Wright continued to represent him during his ensuing collateral challenges in state and federal courts until May 9, 2007, when the trial court granted their motion to withdraw. See *State v. Keith* (Aug. 19, 1998), Crawford App. No. 3–98–05, 1998 WL 487044 (postconviction relief); *Keith v. Mitchell* (C.A.6, 2006), 455 F.3d 662, rehearing en banc denied (C.A.6, 2006), 466 F.3d 540 (federal habeas corpus).

{¶ 4} On August 3, 2007, Keith—now represented by the Ohio Public Defender—filed with the court of appeals an application to reopen his direct appeal, pursuant to App.R. 26(B). The application alleged that his appellate counsel had rendered ineffective assistance by failing to raise certain issues in the court of appeals. The court of appeals denied Keith's application as untimely. *State v. Keith* (Sept. 19, 2007), Crawford App. No. 3–98–05. Keith now appeals from that denial.

{¶ 5} We affirm. As the court of appeals held, Keith's App.R. 26(B) application was untimely. App.R. 26(B)(1) requires that an application for reopening be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." The court of appeals journalized its direct-appeal judgment affirming Keith's convictions and sentences on April 5, 1996. Thus, absent good cause for filing late, Keith's application for reopening was due on Friday, July 5, 1996. (The court of appeals retained jurisdiction to consider Keith's App.R. 26(B) application, even though he had appealed to this court. See S.Ct.Prac.R. II(2)(D)(1), effective April 1, 1996. Thus, the pendency of Keith's appeal to this court did not toll the time for filing his application in the court of appeals.)

{¶ 6} Keith claims to have had good cause for filing his application late because during his state postconviction and federal habeas corpus litigation, he was represented by the same counsel who had represented him on direct appeal before the court of appeals. We cannot agree with Keith's contention that this circumstance constitutes good cause for his delay in filing his application. We have rejected claims that an applicant had good cause for filing an untimely App.R. 26(B) application because his original appellate counsel were still repre-

senting him in collateral litigation. See *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861; *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970.

{¶ 7} It is true, as Keith argues, that his counsel could not be expected to argue their own ineffectiveness. *State v. Davis* (1999), 86 Ohio St.3d 212, 214, 714 N.E.2d 384. But then, there is no right to counsel on an application to reopen. *Morgan v. Eads,* 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 21–22; *Lopez v. Wilson* (C.A.6, 2005), 426 F.3d 339, 352–353. Thus, lack of counsel cannot be accepted as good cause for the late filing of Keith's application. See *State v. Twyford,* 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶ 8. As we explained in *Gumm* and *LaMar*, Keith could have attempted to obtain other counsel to file his application; failing that, he could have filed an application himself. "What he could not do was ignore the rule's filing deadline." *Gumm,* 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 8.

{¶ 8} Keith raises six other issues in his brief, but because Keith's application was untimely, these issues cannot be considered. We affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

---

Stanley Flegm, Crawford County Prosecuting Attorney, and Clifford J. Murphy, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Rachel Troutman and Tyson Fleming, Assistant State Public Defenders, for appellant.