[Cite as *State v. Paige*, 2020-Ohio-481.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MICHAEL PAIGE,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 MA 0033**

---

Delayed Application for Reopening Direct Appeal

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor and *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee

*Michael Paige, Pro se*, #A693-310, Lake Erie Correction Institution, 501 Thompson Road , Conneaut, Ohio 44030.

Dated: February 7, 2020

**PER CURIAM.**

{¶1}   Appellant Michael Paige has filed a delayed application to reopen his appeal based on ineffective assistance of appellate counsel for failing to obtain transcripts from previous trials to support a double jeopardy claim.  For the reasons provided, Appellant's application for reopening is denied.

Factual and Procedural History

{¶2}   Appellant was indicted on March 8, 2012, on one count of aggravated murder in violation of R.C. 2903.01(A), (F), an unclassified felony; an accompanying firearm specification in violation of R.C. 2941.145(A); one count of murder in violation of R.C. 2903.02(A), (D), an unclassified felony; an accompanying firearm specification in violation of R.C. 2941.145(A); two counts of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), felonies of the third degree; and one count of obstructing justice in violation of R.C. 2921.32(A)(5), (C)(4), a felony of the third degree.

{¶3}   The charges stemmed from an incident that occurred on March 1, 2012 when Munir Blake ("Blake") was shot and killed on the first floor of the duplex where he resided while Appellant had been visiting Jasmin Fletcher, who resided on the second floor of the duplex.  Blake and Fletcher had an ongoing dispute regarding Fletcher stealing Blake's electricity.  After an investigation and Appellant's subsequent confession to police, he was arrested.

{¶4}   A jury trial commenced on February 24, 2014.  The jury found Appellant not guilty of aggravated murder.  This jury was unable to reach a unanimous verdict on the

remaining charges.  The trial court declared a mistrial on these charges and discharged the jury.

{¶5}    A second jury trial commenced on January 11, 2016.  In a judgment entry dated January 13, 2016, the trial court *sua sponte* declared a mistrial after the jury was empaneled because Appellant filed a *habeas corpus* proceeding naming the assistant prosecuting attorney as a defendant in the United States District Court for the Northern District of Ohio.

{¶6}    A third jury trial took place on January 3, 2017.  The jury returned a guilty verdict on the murder charge and the firearm specification, and also on the charge of tampering with the evidence.  The trial court sentenced Appellant to life imprisonment with parole eligibility after fifteen years for the murder conviction, three years for tampering with evidence to be served concurrently with the sentence imposed for murder, and three years for the firearm specification, to be served consecutively to the sentence imposed for the murder charge.

{¶7}    This Court affirmed Appellant's convictions and sentence in *State v. Paige,* 7th Dist. Mahoning No. 17 MA 0033, 2019-Ohio-1088.  Appellant filed an appeal with the Supreme Court of Ohio which declined to accept jurisdiction.  *State v. Paige,* 156 Ohio St.3d 1464, 2019-Ohio-2892, 126 N.E.3d 1164.  Appellant filed this delayed application to reopen his appeal.  The state did not file a response brief.

<u>Reopening</u>

{¶8}    App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision.  App.R. 26(B)(1), (2)(b); *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755,

814 N.E.2d 861. The ninety-day requirement applies to all appellants. *State v. Buggs,* 7th Dist. Mahoning No. 06 MA 28, 07 MA 187, 2009-Ohio-6628, ¶ 5.

**{¶9}** If an application for reopening is not filed within the ninety day time period, an appellant must make a showing of good cause justifying the delay in filing. *State v. Dew,* 7th Dist. Mahoning No. 08 MA 62, 2012-Ohio-434. Appellant's application was filed on September 19, 2019, almost six months after this Court's decision. Therefore, it is untimely on its face.

**{¶10}** Appellant asserts good cause for the delay by arguing that his appellate counsel could not raise his own ineffectiveness. The delay was caused by the need to have a second appellate counsel appointed. An application for reopening is a "collateral postconviction remedy," and the state "has no constitutional obligation * * * to provide counsel to those defendants who file applications under that rule." *Morgan v. Eads,* 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶22, 25. On April 30, 2019, approximately one month after this Court affirmed the judgment of the trial court, Appellant's motion to appoint counsel was granted. Pursuant to Appellant's motion and the judgment entry of this Court, counsel was appointed to assist Appellant with his appeal to the Ohio Supreme Court, which ultimately denied jurisdiction. While it is true that Appellant's original counsel could not be expected to argue his or her own ineffectiveness, there is no right to counsel on an application to reopen a direct appeal. *State v. Adams,* 7th Dist. Mahoning No. 08 MA 246, 2012-Ohio-2719, ¶ 84; *State v. Keith,* 119 Ohio St.3d 161, 2008-Ohio-3866, 892 N.E.2d 912, ¶ 7. Appellant's affidavit provides no justification as to Appellant's failure to file the application himself within the deadline, instead of filing six months after this Court affirmed the trial court.

{¶11} As Appellant has failed to establish good cause or a valid basis for the untimely filing of his App.R. 26(B) application for reopening, his application for reopening is denied.

## Conclusion

{¶12} An application for reopening filed pursuant to App.R. 26(B)(1) and (2)(b) that is not filed within the ninety-day time limit requires that the application include a showing of good cause for the untimely filing. Appellant's application was filed six months after this Court's decision and Appellant has not established good cause for the untimely filing and has not met the standard for delayed reopening. Accordingly, Appellant's application for delayed reopening of his direct appeal is hereby denied.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE CAROL ANN ROBB**

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 17 MA 0033