[Cite as *State v. Frazier*, 2020-Ohio-993.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

CLIFF ALFRED CERO FRAZIER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 16 BE 0040**

---

Motion for Reconsideration

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Dan Fry*, Belmont County Prosecuting Attorney, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee

*Cliff Alfred Cero Frazier*, *Pro se*, #728-346, Richland Correctional Institution, 1001 Olivesburg Road, P.O. Box 8107, Mansfield, Ohio 44901-8107.

Dated: March 9, 2020

**PER CURIAM.**

{¶1} Appellant Cliff Alfred Cero Frazier has filed a delayed application to reopen his appeal based on ineffective assistance of appellate counsel. Appellant claims that counsel failed to contest his sentence, failed during jury selection, and failed to call character witnesses on his behalf. For the reasons provided, Appellant's application for reopening is denied.

Factual and Procedural History

{¶2} Appellant was indicted on April 6, 2016, on one count of felonious assault in violation of R.C. 2903.11. The charges stemmed from an altercation between Appellant and Neal Bledsoe ("Bledsoe"). Bledsoe was the ex-fiancé of Appellant's girlfriend. Appellant and Bledsoe got into a verbal confrontation outside of the girlfriend's home that escalated into a physical altercation. During this altercation, Appellant stabbed Bledsoe in the neck with a box cutter, lacerating both jugular veins.

{¶3} A jury trial commenced on June 14, 2016. At trial, Appellant raised the affirmative defenses of self-defense and defense of others. The jury found Appellant guilty and he was sentenced to eight years in prison.

{¶4} We affirmed Appellant's conviction in *State v. Frazier,* 7th Dist. Belmont No. 16 BE 0040, 2017-Ohio-8594. Appellant filed this delayed application to reopen his appeal. The state did not file a response brief.

Reopening

{¶5} App.R. 26(B)(1) and (2)(b) require applications to reopen based on ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision. App.R. 26(B)(1), (2)(b); *State v. Gumm*, 103 Ohio St.3d

162, 2004-Ohio-4755, 814 N.E.2d 861. The ninety-day requirement applies to all appellants. *State v. Buggs,* 7th Dist. Mahoning Nos. 06 MA 28, 07 MA 187, 2009-Ohio-6628, ¶ 5.

**{¶6}** If an application for reopening is not filed within the ninety day time period, an appellant must make a showing of good cause justifying the delay in filing. *State v. Dew,* 7th Dist. Mahoning No. 08 MA 62, 2012-Ohio-434. Appellant's application was filed on January 17, 2020, over two years after this Court's decision. Therefore, it is untimely on its face.

**{¶7}** Appellant asserts he has good cause for untimely filing his application, claiming that he was not informed that his appeal had been decided and that he was transferred to another facility and his legal materials were misplaced. Because he is filing *pro se*, Appellant claims he was unaware of the time constraints or of his right to file.

**{¶8}** An application for reopening is a "collateral postconviction remedy," and the state has "no constitutional obligation * * * to provide counsel to those defendants who file applications under that rule." *Morgan v. Eads,* 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 22, 26. Thus, there is no right to counsel on an application to reopen a direct appeal. *State v. Adams,* 7th Dist. Mahoning No. 08 MA 246, 2012-Ohio-2719, ¶ 84; *State v. Keith,* 119 Ohio St.3d 161, 2008-Ohio-3866, 892 N.E.2d 912, ¶ 7. Regardless, a lack of legal knowledge is not a sufficient ground to demonstrate good cause excusing failure to timely file. Hence, Appellant's claim that he was prevented from timely filing his application for reopening because he is filing *pro se* is unpersuasive. The absence of good cause for the untimely filing of the application for reopening is a sufficient basis for denial.

{¶9} Likewise, Appellant's affidavit accompanying the application does not comply with App.R. 26(B)(2), which provides, in part:

An application for reopening shall contain all of the following:

* * *

(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record[.]

{¶10} Appellant's affidavit falls short of compliance with App.R. 26(B)(2)(d) because the substantive portion merely states, "[t]here are three (3) additional assignments of errors [sic] that were requested to be raised and were not raise [sic] – those assignment [sic] are listed in the filing for a re-opening of Appellant's Appellate issues."

{¶11} App.R. 26(B)(2)(e) also requires the applicant to provide the appellate court with the portions of the record that support the application. *State v. Wade,* 7th Dist. Jefferson No. 14 JE 0036, 2017-Ohio-4135, ¶ 6. Appellant fails to provide any portion of the record on which he relies and his application contains no citation to the record. If an appellant fails to comply with App.R. 26(B)(2)(e), the application is properly denied. *State v. McNeill,* 83 Ohio St.3d 457, 459, 700 N.E.2d 613 (1998). As Appellant has not satisfied

the necessary requirements, the application is dismissed on procedural grounds and we need not address the merits of his arguments.

{¶12} Because Appellant failed to establish good cause for the untimely delay in his filing for reopening of his appeal and because Appellant's application fails to satisfy the requirements of App.R. 26(B)(2)(d) and App.R. 26(B)(2)(e), his application for reopening is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**