[Cite as *State v. McCall*, 2022-Ohio-383.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 104479 |
| v. | : | |
| MIKELL E. MCCALL, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** February 7, 2022

Cuyahoga County Court of Common Pleas
Case No. CR-15-599126-A
Application for Reopening
Motion No. 551694

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

Mikell E. McCall, *pro se.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Applicant, Mikell E. McCall, belatedly seeks to reopen his appeal, *State v. McCall*, 8th Dist. Cuyahoga No. 104479, 2017-Ohio-296. He claims that appellate counsel was ineffective because counsel did not obtain McCall's approval

before filing the appellate brief in the appeal and failed to argue issues that McCall wanted assigned as errors in the brief. For the following reasons, we deny the application.

### I. Background

{¶ 2} On January 26, 2017, this court issued a decision affirming McCall's several convictions for rape, sexual battery, and kidnapping. In the appeal, McCall's appellate counsel unsuccessfully argued two assignments of error:

> I. [Appellant's] convictions related to the two instances of alleged cunnilingus are not supported by legally sufficient evidence.

> II. [Appellant's] convictions are against the manifest weight of the evidence.

{¶ 3} On January 4, 2022, almost five years after release of the appellate decision, McCall filed the instant application for reopening. McCall now claims counsel was ineffective when counsel "raised two assignment[s] of error [in] the appeallate [sic] brief * * * without first discussing it and getting the exceptance [sic] from [McCall] * * *. These actions from public defender [sic] office and appointed counsel prove to be unloyal [sic] to [McCall] when McCall ask to review the appealate [sic] brief before it is filed." He attached to the application correspondence he received from his appellate attorney discussing the potential issues that could be raised in the appeal and counsel's thoughts on the issues that McCall wanted to advance. Ultimately, McCall's appellate attorney declined to include the issues McCall wanted to raise because counsel determined they had no

merit. Finally, appellate counsel declined to provide McCall with a draft appellate brief for his approval before submitting it to this court.[1]

**{¶ 4}** The state opposed McCall's application in a brief in opposition filed January 26, 2022. There, it pointed out that the application was not timely filed and McCall failed to allege sufficient good cause to excuse the delay.

## II. Law and Analysis

**{¶ 5}** An application to reopening an appeal, a procedure defined by App.R. 26(B), offers a means of asserting claims of ineffective assistance of appellate counsel. There are certain procedural requirements within the rule that a successful applicant must meet. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. One of those requirements is that the application must be filed within 90 days of the journalization of the appellate decision seeking to be reopened. App.R. 26(B)(1). Where an application is filed outside of this deadline, App.R. 26(B)(2)(b) requires a of showing of "good cause." This is necessary, and the failure to produce sufficient justification is grounds to the deny the application without addressing the merits argued within. *State v. Farrow*, 115 Ohio St.3d 205, 2007-Ohio-4792, 874 N.E.2d 526; *State v. Keith*, 119 Ohio St.3d 161, 2008-Ohio-3866, 892 N.E.2d 912.

**{¶ 6}** McCall failed to provide sufficient justification in his application to excuse his almost five-year delay in filing. The application does not allege that

---

[1] Counsel advised McCall that he could submit a pro se supplemental appellate brief if he wished.

anything prevented McCall from filing the application in a timely fashion. The actions of appellate counsel were known prior to the issuance of the appellate decision. At one point, he states that he was unaware of the remedy of an application for reopening until recently. However, ignorance of the law does not constitute good cause. *Farrow* at ¶ 6, quoting *State v. Reddick*, 72 Ohio St.3d 88, 91, 647 N.E.2d 784 (1995). *See also State v. Battiste*, 8th Dist. Cuyahoga No. 102299, 2017-Ohio-83, ¶ 4.

**{¶ 7}** McCall's application was not timely filed and he has failed to show good cause for the delay. Therefore, the application must be denied.

**{¶ 8}** Even if the application was timely, McCall does not present an issue that warrants reopening.

**{¶ 9}** In order to reopen an appeal, an applicant must demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). "[T]he two-prong analysis found in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5)." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998), citing *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996). McCall must show that "his counsel [was] deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful." *Id.* This requires a showing "that

there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Id.*

{¶ 10} McCall does not cite to any relevant authority for the proposition that appellate counsel was required to submit the appellate brief to McCall for review before filing it with the appellate court. To the contrary,

> in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he [or she] thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 77 L.Ed.2d 987, 103 S.Ct. 3308 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 672 N.E.2d 638 (1996).

*State v. Darrington*, 8th Dist. Cuyahoga No. 65588, 2000 Ohio App. LEXIS 5103, 9 (Oct. 27, 2000). As a result, "[a]ppellate counsel possesses the necessary discretion to decide which issues are most fruitful and should be raised on appeal." *Cleveland Hts. v. Jackson*, 8th Dist. Cuyahoga No. 82958, 2004-Ohio-2153, ¶ 6, citing *Jones*.

{¶ 11} McCall claims he was prejudiced by counsel's refusal to provide him with a draft of the appellate brief because a claim of ineffective assistance of trial counsel should have been raised. McCall goes on to assert that trial counsel should

have filed a motion to suppress certain letters the state alleged were written by McCall and received by the victim in this case.

{¶ 12} Claims of ineffective assistance of counsel are judged by the *Strickland* standard set forth above.

{¶ 13} At trial, the victim testified about handwritten letters she received from McCall. She stated that she recognized McCall's handwriting in the letters. (Tr. 40-41.) The victim testified about the content of the letters:

> [Prosecutor:] What kind of things does Mikell tell you in those letters?
>
> [Victim:] That he's sorry, and he loves us, and he misses me and my mom, and he doesn't want to — he doesn't want me to leave him in here to die.
>
> And that he'll stop doing drugs for me. And, like, he'll get me a car and stuff like that. And that he loves us.
>
> [Prosecutor:] Okay. Does he ever say he did this stuff?
>
> [Victim:] No.
>
> [Prosecutor:] Does he ever say he didn't?
>
> [Victim:] He said he doesn't remember.

(Tr. 41-42.) Her testimony continued:

> [Prosecutor:] Showing you what's been marked as State's Exhibit 2. Can you tell me what it says in the last paragraph on the first page.
>
> [Victim:] Now I'm in jail wishing I could have been a better dad. You do not have to go to trial on me. You can tell them you are angry, I had your mom discipline you so you made up that story. You do not have to let these police destroy my life.

(Tr. 44.) These letters were admitted into evidence over objection.

{¶ 14} McCall's application does not provide any basis for the suppression of these letters. Counsel objected to the admission of the letters as evidence at trial based on a lack of authentication, but the objection was overruled. (Tr. 95-97.) McCall does not provide any argument as to why a motion to suppress should have been filed or on what basis a motion to suppress these letters would have been successful. Further, McCall does not argue how the suppression of the letters would have made a difference at trial.

{¶ 15} McCall has failed to establish a genuine issue of ineffective assistance of appellate counsel. Therefore, his application is denied.


_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
ANITA LASTER MAYS, J., CONCUR