[Cite as *State v. Tomlinson*, 2022-Ohio-2575.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109614 |
| v. | : | |
| JAMES TOMLINSON, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 26, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-19-637535-A
Application for Reopening
Motion No. 555189

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine E. Mullin, Assistant Prosecuting Attorney, *for appellee.*

Robey & Robey and Gregory S. Robey, *for appellant.*

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Relator, James Tomlinson, seeks to reopen his appeal in *State v. Tomlinson*, 8th Dist. Cuyahoga No. 109614, 2021-Ohio-1301. In his untimely

application, he claims that appellate counsel was ineffective for not raising an assignment of error arguing that "[t]he trial court erred when it permitted identification testimony from a video." The application is denied for the reasons set out below.

**Background**

{¶ 2} Tomlinson was charged with attempted murder and other counts related to events that occurred on March 29, June 10, and July 30, 2018. Tomlinson was accused of attempting to shoot Carl Willis ("Willis") and Kenneth Dunnican on March 29, 2018, and Willis, Dajah Carter, and Tamara Lee on June 10, 2018. A third shooting incident on July 30, 2018, did not include a victim. When Tomlinson was arrested, police found drugs on his person. He was charged with drug trafficking and related counts. He was further alleged to have attempted to intimidate two witnesses based on recorded jail-house calls.[1]

{¶ 3} Prior to the conclusion of trial, the state dismissed two counts of intimidation of a crime victim. After the conclusion of trial, Tomlinson was found not guilty of the attempted murders of Willis and Carter and guilty of the remaining offenses. He received an aggregate 31-year prison sentence.

{¶ 4} Tomlinson appealed his convictions, raising three errors for review:

I. The trial court erred in denying appellant's motion for relief from prejudicial joinder.

II. The trial court erred in allowing into evidence the body camera statements made by the alleged victims who were not present at trial,

---

[1] A more detailed recitation of the charges and factual background can be found in *Tomlinson* at ¶ 2-22.

in violation of the Confrontation Clause of the Sixth and Fourteenth Amendments to the United States Constitution.

III. The trial court erred in permitting the state of Ohio to introduce jail calls not turned over to the defense counsel until five days into trial in violation of Criminal Rule 16(B).

On April 15, 2021, this court overruled the assigned errors and affirmed Tomlinson's convictions.

{¶ 5} The instant application was filed by counsel representing Tomlinson on May 24, 2022. Tomlinson asserts that appellate counsel was ineffective for not challenging the video identification of him offered by a police officer.

**Law and Analysis**

**Standard for reopening**

{¶ 6} App.R. 26(B) provides a limited means of asserting a claim of ineffective assistance of appellate counsel in a two-step procedure. *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 19. The rule contains various procedural requirements that have been upheld by the Supreme Court of Ohio. *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, ¶ 7. App.R. 26(B)(1) provides that the application must be filed within 90 days of the date that the appellate decision is journalized. If the application is filed outside of that deadline, it must include good cause for the untimely filing. App.R. 26(B)(2)(b).

{¶ 7} The applicant must also show that there is a "'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). For a timely application or an untimely application that establishes good cause, an appellate

court must review the application and discern whether it presents a colorable claim of ineffective assistance of counsel pursuant to the standard announced in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this standard:

> Appellate counsel's performance must have been objectively unreasonable, and there must be a reasonable probability that the result of the appeal would have been different but for counsel's errors. *Strickland* at 688, 694. Under *Strickland*, a reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Strickland* at 694.

*State v. Simpson*, 164 Ohio St.3d 102, 2020-Ohio-6719, 172 N.E.3d 97, ¶ 14.

**Timeliness and Good Cause**

{¶ 8} The appellate decision Tomlinson seeks to reopen was journalized on April 15, 2021. His application was filed on May 24, 2022. To be considered timely, his application should have been filed within 90 days, but 404 days passed between these two dates. Therefore, Tomlinson must show good cause sufficient to excuse his delay in filing.

{¶ 9} In attempting to establish good cause, Tomlinson asserts that he had no post-appellate-decision contact with his appellate attorney and was not advised about App.R. 26(B). He further asserts that during the COVID-19 Pandemic, he was "cut off from the outside world, leaving him with no ability to review his option of re-opening his appeal[,]" and that he only learned of an application to reopen after his family secured an attorney for him.

{¶ 10} It is well established that a lack of knowledge of the availability of the mechanism for reopening under App.R. 26(B) does not constitute good cause.

> One cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline. "Lack of effort or imagination, and ignorance of the law, * * * do not automatically establish good cause for failure to seek timely relief" under App.R. 26(B). *State v. Reddick* (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784. The 90-day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, * * *.

*State v. Farrow*, 115 Ohio St.3d 205, 2007-Ohio-4792, 874 N.E.2d 526, ¶ 6. Access to counsel or a lack of communication with previously assigned appellate counsel also does not excuse delayed filing. *State v. Koreisl*, 8th Dist. Cuyahoga No. 90950, 2011-Ohio-6438, ¶ 7. It may be a best practice for appellate counsel to inform an unsuccessful criminal defendant of the appellate decision and to include information about App.R. 26(B), but that is not required. The lack of contact with appellate counsel after an appeal has been decided does not constitute good cause.

{¶ 11} Finally, Tomlinson claims that the COVID-19 Pandemic cut him off from the outside world, precluding him from timely filing his application. The affidavit attached to the application states that the institution where Tomlinson was housed was in "lock down for the entire year of 2021 * * *." He further avers that his cell block has been locked down at least eight times in the past year. He goes on to state that during these times, he did not have access to the law library or outside visitors.

{¶ 12} We find that this does not constitute good cause to excuse the significant delay in this case. Numerous times, this court has rejected claims that

lack of access to legal materials or library limitations constitute good cause for untimely filing. *State v. Wynn*, 8th Dist. Cuyahoga No. 103824, 2017-Ohio-9151, ¶ 4, citing *State v. Young*, 8th Dist. Cuyahoga No. 99752, 2016-Ohio-3165; *State v. Crain*, 8th Dist. Cuyahoga Nos. 95012, 95013, 95014, and 95015, 2012-Ohio-1340.

{¶ 13} Further, even if we assume that Tomlinson was prevented from filing his application in 2021 due to restrictions related to the COVID-19 Pandemic, that only excuses the filing for that year. A condition that inhibits the filings of an application only excuses filing while the condition exists. *State v. Fox*, 83 Ohio St.3d 514, 516, 700 N.E.2d 1253 (1998) ("[G]ood cause can excuse the lack of a filing only while it exists, not for an indefinite period."). Tomlinson's application was filed some five months into 2022, with little in the way of excuse for this delay. He averred that his cell block has been locked down eight times in the past year but gives no information on the time or duration of these events. "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7. The application fails to establish good cause for the untimely filing. Therefore, it must be denied.

**Video Identification**

{¶ 14} The application would also be denied if it were considered on the merits.

{¶ 15} Tomlinson claims that the trial court erred in allowing Detective Donald Kopchak to testify about his belief that Tomlinson appears in video that captured one of the shootings. Tomlinson does not support his application with any citation to case law, statute, or rule of evidence in support of his argument.[2] He further does not sufficiently set forth the grounds on which this proposed assignment of error rests. Tomlinson claims that this identification goes to the ultimate issue in the case and intrudes on the province of the jury. Tomlinson has not set forth any argument that a witness may not testify about the identification of a person depicted in surveillance video.

{¶ 16} In an appeal challenging the sufficiency of the evidence supporting a criminal conviction, this court relied on witness identification of a defendant in video footage by a witness that was familiar with the defendant. *State v. Doumbouya*, 8th Dist. Cuyahoga No. 101482, 2015-Ohio-1640, ¶ 21. The Tenth District also rejected a claim of unduly suggestive identification procedures and found that eyewitnesses could properly review still images taken from surveillance video to identify a perpetrator of a crime where the witnesses were familiar with the defendant who was identified as the perpetrator. *State v. Glenn-Coulverson*, 2017-Ohio-2671, 90 N.E.3d 243, ¶ 54 (10th Dist.). Similarly, the Second District allowed identification testimony from a witness regarding still images taken from

---

[2] Tomlinson only cites to a case dealing with the standard for abuse of discretion, *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

surveillance video in similar circumstances. *State v. Shropshire*, 2d Dist. Montgomery No. 28659, 2020-Ohio-6853.

{¶ 17} In *Shropshire*, the testimony established that

> the trial court knew that a video depicting the women who damaged [the victim's] automobile existed and that [the victim] had viewed the video. The trial court also realized that [the victim] had been involved in a relationship with [the defendant], and thus would have been able to identify [the defendant] upon viewing the video. In our view, under these circumstances, [the victim's] video identification was consistent with an identification sanctioned by Evid.R. 901(B)(4) and (5). As such, we cannot conclude that the trial court abused its discretion by allowing [the victim] to identify [the defendant] from the video.

*Id.* at ¶ 13.

{¶ 18} These cases are in line with others where witness identifications using surveillance video or still images taken from surveillance video were deemed admissible or relied on by courts in addressing sufficiency or manifest weight issues. *See State v. Tyler*, 9th Dist. Summit No. 29225, 2019-Ohio-4661; *State v. Alford*, 9th Dist. Summit No. 29411, 2020-Ohio-1099; *State v. Bunkley*, 11th Dist. Lake No. 2020-L-024, 2020-Ohio-6675; *State v. Stults*, 6th Dist. Lucas No. L-18-1036, 2019-Ohio-657; *State v. Mikolaj*, 7th Dist. Mahoning No. 05-MA-157, 2007-Ohio-1563, ¶ 26 ("[T]he investigating officer saw a security video taken that night and was able to immediately identify Mikolaj as the perpetrator of this offense, stating that he could identify Mikolaj because he had known him for twenty years."); *State v. Wingfield*, 8th Dist. Cuyahoga No. 107196, 2019-Ohio-1644.

{¶ 19} Det. Kopchak was testifying as a lay witness with a personal history with Tomlinson. This is similar to the testimony the Second District allowed in

*Shropshire.* The trial court extensively questioned Det. Kopchak outside the presence of the jury to determine the extent of the interactions between the detective and Tomlinson. After being satisfied that Det. Kopchak had sufficient familiarity with Tomlinson, the court allowed the lay witness identification testimony. Tomlinson has not pointed to anything that would lead to the conclusions that a police officer with familiarity with someone depicted in surveillance video may not offer an opinion as to the identify of that individual in the same manner illustrated in the cases cited above.

{¶ 20} Further, "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact." Evid.R. 704. Pursuant to Evid.R. 701, courts have allowed identification testimony from videos where that evidence is based on the perception of the witness and is helpful to the determination of the fact in issue. *State v. Hopkins*, 7th Dist. Mahoning No. 20 MA 0054, 2021-Ohio-4632, ¶ 50-61, citing and analyzing *State v. Coots*, 2015-Ohio-126, 27 N.E.3d 47 (2d Dist.); *State v. Donlow*, 7th Dist. Mahoning No. 20 MA 0049, 2021-Ohio-3019; and *State v. Bond*, 10th Dist. Franklin No. 11AP-403, 2011-Ohio-6828.

{¶ 21} Tomlinson has not offered any supported argument that could lead to the conclusion that had appellate counsel raised this issue, there is any likelihood of a different result. Tomlinson's sole proposed assignment of error does not present a colorable claim of ineffective assistance of counsel.

{¶ 22} Application denied.

CORNELIUS J. O'SULLIVAN, JR., JUDGE

MICHELLE J. SHEEHAN, P.J., and
EILEEN T. GALLAGHER, J., CONCUR