[Cite as *State v. Catron*, 2022-Ohio-4503.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

    v. : No. 101839

JONATHAN F. CATRON, :

    Defendant-Appellant. :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** December 9, 2022

---

Cuyahoga County Court of Common Pleas
Case No. CR-13-576819-A,
Application for Reopening
Motion No. 559163

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sarah E. Hutnik, Assistant Prosecuting Attorney, *for appellee*.

Jonathan F. Catron, *pro se*.

SEAN C. GALLAGHER, A.J.:

{¶ 1} Applicant, Jonathan F. Catron, seeks to reopen his appeal in *State v. Catron*, 8th Dist. Cuyahoga No. 101839, 2015-Ohio-1836. Catron claims that

appellate counsel was ineffective for failing to argue that trial counsel was ineffective for several reasons. The application fails to set forth good cause for the more than seven-year delay in filing and is procedurally defective. As a result, it is denied.

{¶ 2} Catron and his half-brother engaged in a dispute that resulted in the exchange of gunfire. A neighbor, James Swindler III, was struck by a stray bullet and killed. Catron and his brother were charged and convicted of murder, among other crimes, for which Catron received an indefinite term of incarceration of 21 years to life.

{¶ 3} Catron appealed his convictions and sentences to this court. There, he raised six assignments of error: joinder of his trial with that of his codefendant, manifest weight, a flight instruction given to the jury, merger of allied offenses, consecutive sentences, and ineffective assistance of counsel in relation to three of the assigned errors raised. *Id.*

{¶ 4} This court, in an opinion journalized on May 14, 2015, overruled these assigned errors and affirmed Catron's convictions and sentences. *Catron*, 8th Dist. Cuyahoga No. 101839, 2015-Ohio-1836, at ¶ 18. Catron sought review of this decision by the Supreme Court of Ohio, but it declined further review. *09/30/2015 Case Announcements*, 143 Ohio St.3d 1480, 2015-Ohio-3958, 38 N.E.3d 901.

{¶ 5} On October 25, 2022, Catron filed the instant application to reopen his 2015 appeal. There, he argued that appellate counsel was ineffective, asserting three proposed assignments of error. Catron also argued that he had good cause for the untimely filing of his application to reopen. The state timely opposed the

application and filed a separate motion to strike several pages from the application because it exceeded the page limit set forth in App.R. 26(B)(4). In its opposition to the application, the state also argued that Catron failed to show good cause for the delayed filing and the application failed on the merits.

{¶ 6} App.R. 26(B) provides a limited right to reopen an appeal based on ineffective assistance of appellate counsel. The application shall be granted if "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). "Claims of ineffective assistance of appellate counsel under App.R. 26(B) are subject to the two-pronged analysis enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." *State v. Leyh*, 166 Ohio St.3d 365, 2022-Ohio-292, 185 N.E.3d 1075, ¶ 17.

> In accordance with the *Strickland* analysis, an applicant must show that (1) appellate counsel's performance was objectively unreasonable, [*Strickland*] at 687, and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," [*Strickland*] at 694. *See Smith v. Robbins*, 528 U.S. 259, 285-286, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

*Id*. at ¶ 18. The rule also requires a timely application filed within 90 days of the date of journalization of the appellate judgment. App.R. 26(B)(1). Where an individual seeks to reopen an appeal beyond that deadline, the applicant is required to show good cause for the delay. App.R. 26(B)(2)(b).

**{¶ 7}** Catron's application was filed more than seven years after the journalization of the appellate decision he seeks to reopen. Therefore, he must establish good cause to excuse this delay.

**{¶ 8}** Here, Catron asserts that he was unaware of the procedure for reopening until 2022 when someone conducting legal research on his behalf informed him of the process for reopening. This court has held numerous times that ignorance of the process for reopening an appeal does not constitute good cause. *E.g., State v. Tomlinson*, 8th Dist. Cuyahoga No. 109614, 2022-Ohio-2575. Further, not being trained in the law does not constitute good cause. An applicant "cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline." *State v. Farrow*, 115 Ohio St.3d 205, 2007-Ohio-4792, 874 N.E.2d 526, ¶ 6.

**{¶ 9}** Catron has failed to show good cause necessary to excuse the significant delay in the filing of his application. Therefore, it must be denied.

**{¶ 10}** Further, the application Catron has filed is procedurally defective. App.R. 26(B)(4) limits an application for reopening to ten pages. Catron has filed a 17-page application exclusive of any affidavits or evidence in support. "Exceeding the ten-page limitation of App.R. 26(B)(4) constitutes a valid basis for the denial of" an application for reopening. *State v. Churn*, 8th Dist. Cuyahoga No. 105782, 2019-Ohio-4052, ¶ 8, citing, *e.g., State v. Murawski*, 8th Dist. Cuyahoga No. 70854, 2002-Ohio-3631; *State v. Caldwell*, 8th Dist. Cuyahoga No. 44360, 2002-Ohio-2751.

{¶ 11} Catron's untimely application for reopening fails to set forth good cause to excuse the delayed filing and is procedurally defective. For these reasons, it is denied.

{¶ 12} Application denied.

_____
SEAN C. GALLAGHER, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR