[Cite as *State v. Pierce*, 2023-Ohio-3466.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                              No. 111605

    v.                            :

JOHNNIE A. PIERCE,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** September 27, 2023

---

Cuyahoga County Court of Common Pleas
Case Nos. CR-19-642073-A and CR-20-655219-A
Application for Reopening
Motion No. 566347

---

### *Appearances:*

Johnnie A. Pierce, *pro se.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Applicant, Johnnie A. Pierce, seeks to reopen his appeal in *State v. Pierce*, 2023-Ohio-528, 209 N.E.3d 221 (8th Dist.). Pierce claims that appellate counsel was ineffective because counsel did not raise several issues that Pierce argues would have impacted the verdicts in his cases. Pierce's application for

reopening is untimely without a showing of good cause to excuse the delayed filing. Therefore, it must be denied.

## I. Procedural and Factual Background

{¶ 2} Pierce was charged separately and convicted of offenses stemming from two incidents — a July 2019 bar fight in Cuyahoga C.P. No. CR-19-642073-A, and a December 2020 traffic stop that resulted in a five-hour standoff between police and Pierce in Cuyahoga C.P. No. CR-20-655219-A. In these cases, Pierce received an indefinite sentence of two to three years and a 30-month sentence, respectively. These sentences were imposed consecutively to each other. Pierce appealed.

{¶ 3} Appellate counsel representing Pierce filed an appellate brief raising four errors for review:

> I.   There was insufficient evidence produced at trial to support a finding of guilt on all counts.
>
> II.  The jury lost their way by finding the defendant guilty against the manifest weight of the evidence.
>
> III. The trial court erred when it imposed the maximum sentence without support in the record and by ordering the sentences to be served consecutively.
>
> IV.  The sentence of the court imposing an indefinite term of incarceration pursuant to S.B. 201 (the "Reagan Tokes Act") is unconstitutional.

In an opinion journalized on February 23, 2023, this court overruled these assigned errors and affirmed the convictions. *Pierce* at ¶ 56.

{¶ 4} On July 25, 2023, Pierce filed an application for reopening. This application, filed 152 days after the journalization of the appellate decision, does not present statements of proposed assignments of error that appellate counsel should have raised. It does broadly raise issues that appellate counsel should have addressed according to Pierce. Pierce mentions claims related to speedy trial and that the judge assigned to his case was biased against him because of a bar complaint Pierce filed.[1] He further argues that appellate counsel did not review the trial transcript[2] or file an optional reply brief. Finally, he alleges that racial discrimination played a role in the December 2020 police stop of a car in which Pierce was a passenger. Pierce argues that appellate counsel should have focused on perceived civil rights abuses by the police officers that were involved in the December 2020 stop.

{¶ 5} The state did not file a brief in opposition to the application for reopening.

## II. Absence of Good Cause for Delayed Filing

{¶ 6} An application for reopening under App.R. 26(B) provides a limited means of asserting claims of ineffective assistance of appellate counsel. According to the rule, an application must be filed within 90 days of the date of journalization of the appellate decision. App.R. 26(B)(1). If the application is not filed within this

---

[1] This judge was replaced by a different judge prior to trial.

[2] This claim is contradicted by the appellate brief counsel filed in the appeal. Throughout the brief, appellant's counsel extensively cited to the transcript. If appellate counsel did not review the transcript, there would be no way for counsel to do so.

period, the applicant must show good cause why the application could not have been timely filed. App.R. 26(B)(2)(b). This is necessary to excuse the delay and reach the merits of the application. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 10. The failure to establish good cause in an untimely application is fatal. *State v. McCall*, 8th Dist. Cuyahoga No. 104479, 2022-Ohio-383, ¶ 5, citing *State v. Farrow*, 115 Ohio St.3d 205, 2007-Ohio-4792, 874 N.E.2d 526; *State v. Keith*, 119 Ohio St.3d 161, 2008-Ohio-3866, 892 N.E.2d 912.

{¶ 7} Pierce's application for reopening was filed more than 90 days from the journalization of the appellate decision he seeks to reopen — February 23, 2023 to July 25, 2023. Therefore, the application must establish good cause to excuse the delay. The application does not provide any justification for the untimely filing or even mention the time periods set forth in App.R. 26(B)(1) and 26(B)(2)(b). The failure to timely file the application or provide good cause for the delayed filing requires this court to deny the application without addressing the merits. *Keith* at ¶ 8.

{¶ 8} Accordingly, the application to reopen the appeal is denied.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
LISA B. FORBES, CONCUR