[Cite as *State v. Parker*, 2025-Ohio-85.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TERRENCE W. PARKER,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 15 MA 0174**

---

Application to Reopen

**BEFORE:**
Katelyn Dickey, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

Terrence W. Parker, Defendant-Appellant.

Dated: January 10, 2025

**PER CURIAM.**

**{¶1}** On December 20, 2024, Appellant, Terrence W. Parker, filed a pro se App.R. 26(B) application to reopen his direct appeal in *State v. Parker*, 2017-Ohio-4382 (7th Dist.).

**{¶2}** Appellant was convicted and sentenced to an aggregate prison term of 12 and one-half years for intimidation of a witness, menacing by stalking, disrupting public services, and two counts of robbery following a jury trial. In his direct appeal, Appellant asserted: his robbery and intimidation convictions were not supported by sufficient evidence or were against the manifest weight of the evidence; the trial court committed plain error for failing to merge several of his convictions, or alternatively, that trial counsel was ineffective for failing to argue merger; and the court abused its discretion by denying his motion to sever the menacing by stalking count from the other counts. *Id.* at ¶ 2. This court found no merit in Appellant's arguments and affirmed the trial court's judgment on June 16, 2017. *Id.* at ¶ 2, 77.

> App.R. 26(B)(1) and (2)(b) require applications to reopen based on ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision. App.R. 26(B)(1), (2)(b); *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. The ninety-day requirement applies to all appellants. *State v. Buggs,* 7th Dist. Mahoning Nos. 06 MA 28, 07 MA 187, 2009-Ohio-6628, ¶ 5.
>
> If an application for reopening is not filed within the ninety day time period, an appellant must make a showing of good cause justifying the delay in filing. *State v. Dew,* 7th Dist. Mahoning No. 08 MA 62, 2012-Ohio-434.

*State v. Frazier*, 2020-Ohio-993, ¶ 5-6 (7th Dist.).

**{¶3}** As stated, Appellant's pro se application for reopening was filed on December 20, 2024. Therefore, his application is clearly untimely as it was not filed within the 90-day timeframe of this court's June 16, 2017 decision. *Parker,* 2017-Ohio-4382 (7th Dist.); App.R. 26(B)(1) and (2)(b).

Case No. 15 MA 0174

The Ohio Supreme Court has repeatedly held that the 90-day timeline for filing an application for reopening must be strictly enforced in order to preserve the finality of judgments and ensure that ineffective assistance of counsel claims are promptly addressed. *State v. Farrow*, 115 Ohio St.3d 205, 2007-Ohio-4792, 874 N.E.2d 526, ¶ 7; *State v. Winstead*, 74 Ohio St.3d 277, 278, 658 N.E.2d 722 (1996) . . .

*State v. Cutlip*, 2023-Ohio-914, ¶ 3 (7th Dist.).

**{¶4}** As "good cause" for his late filing, Appellant states he was unaware that his appellate counsel did not include the complaints and dockets from Mahoning County Area No. 2 Court, Boardman, Ohio "where this case stems from[.]" *See* (12/20/2024 Appellant's Application for Reopening, p. 3); (Exhibit A, 2015 Complaint, Criminal Damaging, a misdemeanor of the second degree, involving M.G. and a Samsung Galaxy Notebook 4, Boardman Police Case No. 15-2823); (Exhibit B, 2015 Complaint, Criminal Damaging, a misdemeanor of the second degree, involving M.G. and a 2012 Jeep Liberty Tire, Ohio Registration FSR3733, Boardman Police Case No. 15-2823); (Exhibit C, Docket Sheet, Case No. 2015 CR B 00635 BDM, Closed); (Exhibit D, Docket Sheet, Case No. 2015 CR B 00636 BDM, Closed).

**{¶5}** Generally, failing to file an underlying complaint and/or docket on appeal would not be considered ineffective assistance of counsel as it is not a significant enough action to typically rise to the level of a "deficient performance" under the legal standard. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984). Appellant fails to show that his appellate counsel's conduct fell below an objective standard of reasonableness and resulted in prejudice to him. There is no evidence that had those underlying complaints and dockets been filed here, the result in the case at bar ultimately involving a nine-count indictment, which was filed, would have been different. *See Parker,* 2017-Ohio-4382, ¶ 4 (7th Dist.).

**{¶6}** An "indictment" in criminal law is defined as "[t]he formal written accusation of a crime, made by a grand jury and presented to a court for prosecution against the accused person." *Black's Law Dictionary* (12th Ed. 2024). A criminal indictment is the formal start of the legal process that leads to a criminal trial. The record in Appellant's

Case No. 15 MA 0174

direct appeal commenced with the indictment, "the instrument which [began] the formal criminal process." *See State v. Bowers*, 1983 WL 4561, * 3 (7th Dist.).

**{¶7}** Thus, based on the facts presented and the record before us, we do not find good cause for Appellant's untimely filing. Even assuming arguendo Appellant's pro se application were timely filed, he fails to meet the standard for reopening this appeal. *See State v. Romeo*, 2018-Ohio-2482, ¶ 6 (7th Dist. Oct. 20, 1983).

> The test for ineffective assistance of counsel requires a defendant to prove (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defendant. *Strickland* [*, supra,* at] 687. Under this test, a criminal defendant seeking to reopen an appeal must demonstrate that appellate counsel was deficient for failing to raise the issue presented in the application for reopening and that there was a reasonable probability of success had that issue been raised on appeal. [*State v.*] *Spivey* [, 84 Ohio St.3d 24,] 25 [(1998)].
>
> . . .
>
> Under App.R. 26(B), an applicant must set forth "(o)ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c).

*State v. Hackett*, 2019-Ohio-3726, ¶ 6, 9 (7th Dist.).

**{¶8}** Appellant raises one assignment of error in his application:

> THE STATE PRESENTED INFORMATION FROM CASES THAT WERE CLOSED TO THE GRAND JURY TO OBTAIN A NINE COUNT SUPERSEDING INDICTMENT, AND TO OBTAIN DEFENDANT'S CONVICTION.

(12/20/2024 Appellant's Application for Reopening, p. 5).

**{¶9}** Appellant stresses the jury should not have heard evidence regarding him breaking M.G.'s phone or slashing her tires. Damage to electronics and tires was referenced in the Boardman Court complaints, as mentioned above, ultimately leading to a nine-count indictment in the case at bar and also referenced during the jury trial. *See Parker*, 2017-Ohio-4382, ¶ 3-4, 18-21, 24-25, 27 (7th Dist.). Appellant does not advance a meritorious assignment in order to meet the standard for reopening this appeal over seven years after this court's decision. In Appellant's direct appeal, this court stated:

> During the early morning of May 4, 2015, Parker came uninvited to the apartment of [M.G.], a young woman who had recently ended a relationship with him. This occurred after she sent him several text messages asking him to leave her alone. [M.G.] was home with her roommate and a friend at the time. Among other things, it was alleged that Parker robbed [M.G.] at knifepoint, slashed a tire on [M.G.'s] vehicle, threatened her friends with a knife, punched her in the face, and destroyed her cell phone after she said she would call police. After the incident, it was alleged that Parker threatened one of her friends who was there that night.

*Id.* at ¶ 3.

**{¶10}** As addressed, the allegations ultimately resulted in a nine-count indictment against Appellant which led to a jury trial, conviction, and prison sentence. *Id.* at ¶ 4-5, 29-30. Appellant fails to prove that his appellate counsel's performance was deficient and that the deficient performance prejudiced him. *See Strickland*, 466 U.S. 668, 687 (1984). Under this test, Appellant cannot demonstrate that his appellate counsel was deficient for failing to raise the issue presented in his application for reopening and that there was a reasonable probability of success had that issue been raised on appeal. *See Spivey*, 84 Ohio St.3d 24, 25 (1998).

**{¶11}** Accordingly, Appellant's pro se App.R. 26(B) application for reopening is hereby denied.

_____

**JUDGE KATELYN DICKEY**


_____

**JUDGE CAROL ANN ROBB**


_____

**JUDGE MARK A. HANNI**


### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**