THE STATE OF OHIO, APPELLEE, v. HOFFNER, APPELLANT.

[Cite as *State v. Hoffner,* 112 Ohio St.3d 467, 2007-Ohio-376.]

(No. 2006-1780—Submitted January 10, 2007—Decided February 14, 2007.)

———

**Per Curiam.**

{¶ 1} Appellant, Timothy L. Hoffner, challenges the denial of his application to reopen his direct appeal under App.R. 26(B).

{¶ 2} Hoffner was tried and convicted in Lucas County for the 1993 kidnapping and murder of Christopher Hammer. Hoffner was sentenced to death for the

murder, and the court of appeals affirmed his convictions and the death sentence in 2001. *State v. Hoffner* (Mar. 23, 2001), 6th Dist. No. L–95–181, 2001 WL 279768. We then affirmed the appellate court's judgment. *State v. Hoffner,* 102 Ohio St.3d 358, 2004-Ohio-3430, 811 N.E.2d 48.

{¶ 3} On June 6, 2006, Hoffner filed an application in the court of appeals under App.R. 26(B) to reopen his appeal in that court, alleging that he did not receive the effective assistance of appellate counsel in his direct appeal. The court of appeals denied the application in August 2006, citing Hoffner's failure to comply with the 90–day filing deadline in App.R. 26(B). The court of appeals also found that Hoffner had not shown good cause for his failure to file his application within the time limit set by the rule.

{¶ 4} Hoffner has now filed a timely appeal.

{¶ 5} We affirm the judgment of the court of appeals. Hoffner did not comply with App.R. 26(B)(1), which states that "[a]n application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." Hoffner waited more than five years before filing his application.

{¶ 6} He argues that the rule is unconstitutional, although he offers just one page of argument on the point. As we have explained, an App.R. 26(B) application for reopening is a "collateral postconviction remedy," and the state "has no constitutional obligation * * * to provide counsel to those defendants who file applications under that rule." *Morgan v. Eads,* 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 22, 25. We therefore reject Hoffner's claim that the rule is unconstitutional or that his inability to secure further appellate representation in the court of appeals gave him good cause to miss the 90–day deadline in App.R. 26(B) after the court of appeals issued its decision in March 2001.

{¶ 7} And Hoffner himself cannot rely on his own alleged lack of legal training to excuse his failure to comply with the deadline. "Lack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief" under App.R. 26(B). *State v. Reddick* (1995), 72 Ohio St.3d 88, 91, 647 N.E.2d 784. The 90–day requirement in the rule is "applicable to all appellants," *State v. Winstead* (1996), 74 Ohio St.3d 277, 278, 658 N.E.2d 722, and Hoffner offers no sound reason why he—unlike so many other Ohio criminal defendants—could not comply with that fundamental aspect of the rule.

{¶ 8} "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance

of appellate counsel are promptly examined and resolved." *State v. Gumm,* 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Julia R. Bates, Lucas County Prosecuting Attorney, and Eric A. Baum, Assistant Prosecuting Attorney, for appellee.

David L. Doughten, for appellant.