OPINION *Page 2 
{¶ 1} This cause comes before us on appellant Anthony M. Cook's application to reopen his appeal pursuant to App. R. 26 (B). For the reasons that follow, the application is denied.
 {¶ 2} App. R. 26 (B) states:
 {¶ 3} "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.
 {¶ 4} "(2) An application for reopening shall contain all of the following:
 {¶ 5} "(a) The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;
 {¶ 6} "(b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.
 {¶ 7} "(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;
 {¶ 8} "(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency *Page 3 
prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
 {¶ 9} "(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies."
 {¶ 10} Our original judgment was filed on July 9, 2007, and appellant's application was filed June 3, 2008. Accordingly, appellant's application was not timely filed within ninety (90) days of the journalization of our opinion. Appellant cites as his reasons for the delayed filing, that the application is predicated on the Supreme Court's decision in State v. Colon, 118 Ohio St. 3d 26, 2008-Ohio-1624,885 N.E. 2d 917, which was not announced until April 9, 2008.
 {¶ 11} In State v. Hoffner, 112 Ohio St. 3d 467, 860 N.E. 2d 1021, 2007-Oio-376, the Ohio Supreme Court held "Lack of effort or imagination, and ignorance of the law * * * do not automatically establish good cause for failure to seek timely relief" under App. R. 26 (B),Hoffner at paragraph 7, citing State v. Reddick (1995),72 Ohio St. 3d 88, 91, 647 N.E. 2d 784.
 {¶ 12} "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the State's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." Hoffner, supra, paragraph 8, citing State v.Gumm, 103 Ohio St. 3d 162, 2004-Ohio-4755, 814 N.E. 2d 861, paragraph 7.
 {¶ 13} We find appellant's application is untimely. Even if we did consider a change in the law good cause for an untimely petition, any such change is not grounds *Page 4 
for finding ineffective assistance of counsel. Counsel had no duty to anticipate a change in the law. Engle v. Isaac (1982), 456 U.S. 107, 102 S. Ct. 1558, 71 L. Ed. 2d 783; Alvord v. Wainwright (C.A. 11, 1984),725 F. 2d 1282; Poole v. United States (C.A. 8, 1983), 708 F. 2d 1353, 1356.
 {¶ 14} R.C. 2953.21 provides in part:
 {¶ 15} "(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." *Page 5 
 {¶ 16} Thus, while appellant may possibly raise this issue before the court in which he was sentenced, we cannot grant relief under App. R. 26.
 {¶ 17} The application is denied.
 By Gwin, P.J., Wise, J., and Delaney, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the application is denied. Costs to appellant. *Page 1