[Cite as *State v. Cutlip*, 2023-Ohio-914.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

BENJAMIN CUTLIP,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0032

---

Application to Reopen

**BEFORE:**
Carol Ann Robb, David A. D'Apolito, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. J. Kevin Flanagan*, Belmont County Prosecutor, 52160 National Road, St. Clairsville, Ohio 43950 for Plaintiff-Appellee and

*Benjamin Cutlip*, *pro se*, Correctional Reception Center, P.O. Box 300, Orient, Ohio 43146 Defendant-Appellant.

**Dated:** March 21, 2023

**PER CURIAM.**

{¶1} Benjamin Cutlip seeks to reopen his appeal in which we affirmed the trial court's decision convicting him of two counts of aggravated drug trafficking. *State v. Cutlip*, 7th Dist. Belmont No. 21 BE 0032, 2022-Ohio-3524. For the following reasons, Cutlip's application to reopen is denied.

{¶2} An application to reopen an appeal must be filed "within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." App.R. 26(B).

{¶3} The Ohio Supreme Court has repeatedly held that the 90-day timeline for filing an application for reopening must be strictly enforced in order to preserve the finality of judgments and ensure that ineffective assistance of counsel claims are promptly addressed. *State v. Farrow*, 115 Ohio St.3d 205, 2007-Ohio-4792, 874 N.E.2d 526, ¶ 7; *State v. Winstead*, 74 Ohio St.3d 277, 278, 658 N.E.2d 722 (1996) ("a courier's delay in delivery is not 'good cause' for accepting an App.R. 26(B) application for reopening that is untimely filed.") Further, this 90-day requirement is "applicable to all appellants." *Id.*

{¶4} Our judgment in Cutlip's case was issued September 30, 2022. Ninety days after September 30, 2022 was December 29, 2022. Appellant filed his application on January 11, 2023, 11 days past the deadline. Thus, his application is untimely.

{¶5} If an application for reopening is filed more than 90 days after journalization of the judgment, it shall contain "[a] showing of good cause for untimely filing in the application." App.R. 26(B)(2)(b). In his application, Cutlip does *not* assert he had good cause for his late filing. An applicant's failure to offer good reason for failure to comply with the deadline is a sufficient basis for denying the application. *State v. Hoffner,* 112 Ohio St.3d 467, 2007-Ohio-376, 860 N.E.2d 1021, ¶ 7.

{¶6} Notwithstanding Cutlip's failure to explicitly allege "good cause" for his untimely filing, Cutlip attached a copy of a letter from this court's administrator dated December 22, 2022 informing him that he incorrectly mailed his application to reopen to the court of appeals for filing, instead of the clerk of courts in Belmont County. Thus, we

Case No. 21 BE 0032

infer Cutlip wants us to consider his mailing his application to the wrong address as "good cause" for its late filing.

**{¶7}** Clerical errors and ignorance of the law do not generally establish good cause for the failure to satisfy the 90-day rule, and "[u]ntimeliness alone is sufficient to dismiss the application." *State v. Martin*, 7th Dist. Columbiana No. 18 CO 0033, 2021-Ohio-4290, ¶ 5, citing *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Reliance on a lack of legal training or knowledge does not excuse one's failure to comply with the deadline. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861, ¶ 7-10. Based on the foregoing authority, we do not find good cause for Cutlip's untimely filing. *Winstead, supra.*

**{¶8}** Cutlip's application is denied as untimely filed.

**{¶9}** Even assuming Cutlip's application were timely filed, he does not show he was denied the effective assistance of appellate counsel consistent with App.R. 26(B)(5). A criminal defendant seeking to reopen an appeal must demonstrate there is a genuine issue whether appellate counsel was deficient for failing to raise the issue presented in the application for reopening and there was a reasonable probability of success had that issue been raised. *State v. Smith*, 95 Ohio St.3d 127, 2002-Ohio-1753, 766 N.E.2d 588, ¶ 7, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998).

**{¶10}** Cutlip asserts, with extensive references to the suppression hearing, that his appellate counsel should have argued the trial court erred by denying his motion to suppress or that his attorney did not sufficiently argue this issue. Cutlip's argument reiterates and attempts to supplement an issue raised by his appellate counsel in his direct appeal.

**{¶11}** Cutlip contends the officer's affidavit in support of the search warrant was deficient, and it failed to attest to the reliability of the informant. Cutlip argues he was denied the effective assistance of appellate counsel by his attorney's alleged failure to establish the search warrant was not supported by probable cause to search because there was no corroborating evidence other than the confidential informant's testimony. Cutlip also contends this, coupled with the fact that the confidential informant was not searched before the illegal drug purchase, shows error and prejudice. We disagree.

**{¶12}** Cutlip's appellate counsel raised this argument in his direct appeal and alleged the trial court lacked probable cause to issue the warrant that led to the search of the camper. *State v. Cutlip, supra*, at ¶ 35-37. Upon addressing this argument, we fully vetted this contention and found it lacked merit:

> The informant then gave the drugs he purchased to another officer. Although certain inferences are required, the foregoing details are significant indicia of corroboration by independent police work.
>
> To complete a controlled drug buy, it was likely known by Duplaga and the issuing judge certain procedures need to be followed, usually some type of audio or visual recording and the use of marked or traced money to purchase drugs. And although these protocols are not detailed in Duplaga's affidavit, the fact that he states a controlled drug buy occurred here suggests the police were involved in and oversaw the transaction. Moreover, the informant returned with illegal drugs he handed over to police, which is also significant evidence of corroboration of the informant's story.
>
> Further, Duplaga indicates in his affidavit the county interdiction unit was already aware of the address at which the defendant was staying before the informant was told by Appellant to go to this address. When referring to the purchase location and the address to be searched, Duplaga refers to it as "an address known by the Belmont County Interdiction Unit." This statement suggests there was other suspected criminal activity at this location, which is corroboration supporting the reliability of the informant's statements and the issuance of the search warrant.
>
> In light of the foregoing, the trial court did not err in finding the judge issuing the search warrant had a substantial basis for concluding probable cause existed based on Patrolman Duplaga's affidavit.

*Id.* at ¶ 48-51. Thus, we disagreed with Cutlip's argument on the merits. *Id.* at ¶ 54.

**{¶13}** Because Cutlip's appellate attorney raised this issue, and we fully addressed it, Cutlip fails to show there is a genuine issue as to whether his appellate counsel was deficient. Accordingly, Cutlip's application for reopening is denied.

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**JUDGE MARK A. HANNI**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**