[Cite as *State v. Easterly*, 2024-Ohio-1771.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TAWHON WILLIE EASTERLY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0044**

---

Application to Reopen

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Gina DeGenova*, Mahoning County Prosecutor*,* and *Atty. Edward A. Czopur*, Assistant Prosecuting Attorney, for Plaintiff-Appellee and

Tawhon Willie Easterly, Defenant-Appellant.

Dated: May 2, 2024

**PER CURIAM.**

{¶1} On April 4, 2024, Appellant, Tawhon Willie Easterly, filed a pro se delayed App.R. 26(B) application to reopen his direct appeal in *State v. Easterly*, 7th Dist. Mahoning No. 23 MA 0044, 2023-Ohio-4517. Appellee, the State of Ohio, filed a response the next day.

{¶2} Appellant was convicted and sentenced to an agreed upon seven-year prison term for intimidation and an accompanying firearm specification following a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In his direct appeal, Appellant took issue with the representation provided by his trial counsel. *Easterly, supra,* at ¶ 1. This court found no merit in Appellant's argument and affirmed the trial court's judgment on December 8, 2023. *Id.* at ¶ 1, 24.

> App.R. 26(B)(1) and (2)(b) require applications to reopen based on ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision. App.R. 26(B)(1), (2)(b); *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861. The ninety-day requirement applies to all appellants. *State v. Buggs,* 7th Dist. Mahoning Nos. 06 MA 28, 07 MA 187, 2009-Ohio-6628, ¶ 5.
>
> If an application for reopening is not filed within the ninety day time period, an appellant must make a showing of good cause justifying the delay in filing. *State v. Dew,* 7th Dist. Mahoning No. 08 MA 62, 2012-Ohio-434.

*State v. Frazier*, 7th Dist. Belmont No. 16 BE 0040, 2020-Ohio-993, ¶ 5-6.

{¶3} As stated, Appellant's pro se application for reopening was filed on April 4, 2024. Therefore, his application is untimely as it was not filed within the 90-day timeframe of this court's December 8, 2023 decision. *Easterly, supra*; App.R. 26(B)(1) and (2)(b).

> The Ohio Supreme Court has repeatedly held that the 90-day timeline for filing an application for reopening must be strictly enforced in order to preserve the finality of judgments and ensure that ineffective assistance of counsel claims are promptly addressed. *State v. Farrow*, 115 Ohio St.3d

205, 2007-Ohio-4792, 874 N.E.2d 526, ¶ 7; *State v. Winstead*, 74 Ohio St.3d 277, 278, 658 N.E.2d 722 (1996) * * *.

*State v. Cutlip*, 7th Dist. Belmont No. 21 BE 0032, 2023-Ohio-914, ¶ 3.

**{¶4}** Appellant wants us to consider the mailing of his application to the wrong address as "good cause" for its late filing. *See* (4/4/2024 Appellant's Delayed Application for Reopening). However, this court has found that mailing an application for reopening to the wrong address does not constitute "good cause" for a late filing. *Cutlip, supra,* at ¶ 6-8.

> Clerical errors and ignorance of the law do not generally establish good cause for the failure to satisfy the 90-day rule, and "(u)ntimeliness alone is sufficient to dismiss the application." *State v. Martin*, 7th Dist. Columbiana No. 18 CO 0033, 2021-Ohio-4290, ¶ 5, citing *State v. Lamar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970. Reliance on a lack of legal training or knowledge does not excuse one's failure to comply with the deadline. *State v. Gumm*, [*supra,* at], ¶ 7-10. * * *

*Cutlip, supra,* at ¶ 7.

**{¶5}** Based on the foregoing authority, we do not find good cause for Appellant's untimely filing.

**{¶6}** Even assuming arguendo Appellant's pro se application were timely filed, he fails to meet the standard for reopening this appeal. *See State v. Romeo*, 7th Dist. Mahoning No. 14 MA 0060, 2018-Ohio-2482, ¶ 6.

> The test for ineffective assistance of counsel requires a defendant to prove (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052 (1984). Under this test, a criminal defendant seeking to reopen an appeal must demonstrate that appellate counsel was deficient for failing to raise the issue presented in the application for reopening and that there was a reasonable probability of success had that

issue been raised on appeal. [*State v.*] *Spivey*[, 84 Ohio St.3d 24,] 25 [(1998)].

* * *

Under App.R. 26(B), an applicant must set forth "(o)ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation." App.R. 26(B)(2)(c).

*State v. Hackett*, 7th Dist. Mahoning No. 17 MA 0106, 2019-Ohio-3726, ¶ 6, 9.

{¶7} Appellant raises one assignment of error in his application:

APPELLATE COUNSEL WAS INEFFECTIVE DUE TO COUNSEL NOT INCLUDING AS AN ASSIGNMENT OF ERROR THAT THE TRIAL COURT ERRED WHEN SENTENCING DEFENDANT TO A 54-MONTH ENHANCEMENT FOR A GUN SPECIFICATION UNDER R.C. 2941.145(D) AS AMENDED BY S.B. 97, EFFECTIVE SEPTEMBER 14, 2016 WHEN THE AMENDMENT TO SAID STATUTE IS PRESUMED TO BE PROSPECTIVE IN ITS OPERATION.

(4/4/2024 Appellant's Delayed Application for Reopening, p. 1-2).

{¶8} Based on the facts presented and the record before us, Appellant does not advance a meritorious assignment. We stress that this case included an agreed upon sentence that was imposed as jointly recommended. In Appellant's direct appeal, this court stated:

Appellant withdrew his former not guilty plea and entered a guilty plea pursuant to *Alford* to count two, intimidation, with a 54-month firearm specification, in exchange for the State dismissing the remaining charges. * * * (2/1/2023 Plea Hearing Tr., p. 2-4); (2/1/2023 Written Plea of Guilty, p. 1). The terms of the agreement also included an agreed upon sentence of

30 months on the intimidation charge, consecutive to the 54-month firearm specification, for a total of seven years in prison. (2/1/2023 Plea Hearing Tr., p. 2-3); (2/1/2023 Written Plea of Guilty, p. 3). * * *

* * *

* * * Appellant answered all the questions posed to him by the trial court in a manner that demonstrated his understanding of the plea and sentence. Appellant was asked by the court several times if he understood the nature of the proceedings and if he wished to proceed. Each time, Appellant responded in the affirmative. The agreement reveals Appellant was "satisfied with [his] Legal Counsel and that [Appellant] fully understand[s] the nature of the charge(s) and/or specification(s) against [him] and the elements contained therein." (2/1/2023 Written Plea of Guilty, p. 2).

*Easterly*, *supra*, at ¶ 3, 22.

{¶9} Contrary to Appellant's assertion, the agreed upon sentence jointly recommended by the parties following Appellant's *Alford* plea (30 months on count two, intimidation, and 54 months on the accompanying firearm specification, for a total of seven years in prison) was authorized by law. *See* R.C. 2953.08(D); R.C. 2929.14(A)(3)(b); R.C. 2941.145(D).

{¶10} R.C. 2941.145(D), as amended in 2016, elevated the punishment for violations from 36 to 54 months for certain offenses/offenders. As the record reveals, Appellant's conduct occurred after the 2016 amendment. Thus, the enlarged punishment, 54 months as opposed to 36 months, was triggered by Appellant committing a crime with a firearm after the amendment. Therefore, the ex post facto clause does not apply and Appellant's proposed assignment of error is without merit.

{¶11} Accordingly, Appellant's pro se delayed App.R. 26(B) application for reopening is hereby denied.

Case No. 23 MA 0044

**JUDGE KATELYN DICKEY**

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**